The plaintiff's remaining contentions are without merit. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.

■ DIANE DWYER, as Executrix of PETER E. DWYER, Deceased, Respondent-Appellant, v MICHAEL NICHOLSON et al., Appellants-Respondents, and SALVATORE T. DeMATTEO et al., Respondents. [633 NYS2d 963] —In an action for an accounting, the defendants appeal (1) from an order of the Supreme Court, Kings County (Yoswein, J.), dated April 20, 1994, which granted the Referee's motion to direct the defendants to pay the Referee's fees in full from certain bank accounts at Republic National Bank and denied the defendants' cross motion to direct them to pay only one-half of the Referees' fees, (2) from an order of the same court dated May 11, 1994, which denied the defendants' motion to recuse Justice Yoswein from retrying the action, (3) from so much of an order of the same court dated May 18, 1994, which upon, in effect, granting the defendants' motion for reargument, adhered to the original determination denying their motion to recuse Justice Yoswein, (4) from so much of an order of the same court, dated July 14, 1994, as granted the branch of the plaintiff's motion which was to freeze certain fiduciary bank accounts of the defendants and denied their cross motion to direct the plaintiff to post an undertaking, (5) as limited by their brief, from stated portions of a judgment of the same court entered April 3, 1995, which is in favor of the plaintiff and against them in the total sum of $291,748.56, including interest, costs, and disbursements, and (6) as limited by their brief, from stated portions of an amended

judgment of the same court entered August 15, 1995, which upon granting their motion, in effect, for reargument, awarded the plaintiff the total sum of $200,387.38, including prejudgment interest, costs, and disbursements. The plaintiff cross-appeals, as limited by her brief, from so much of the amended judgment as (a) failed to award her taxable trial disbursements in the amount of $25,272 and (b) granted the defendants a taxable disbursement for the cost of the premiums for their appeal bond.

Ordered that the appeal from the order dated May 11, 1994 is dismissed, as that order was superseded by the order dated May 18, 1994, made upon reargument; and it is further,

Ordered that the appeal from the orders dated April 20, 1994, May 18, 1994, and July 14, 1994, are dismissed; and it is further,

Ordered that the appeal from the judgment entered April 3, 1995, is dismissed as that judgment was superseded by the amended judgment entered August 15, 1995, and it is further,

Ordered that the amended judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the respondent-appellant and the nonparty respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeals from the intermediate orders dated April 20, 1994, May 18, 1994, and July 14, 1994, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the amended judgment (CPLR 5501 [a] [1]).

While the defendants seek, among other things, modification of the final judgment in the plaintiff's favor, contending that they had substantiated various items which should have been credited against her award, we agree with the trial court that these claims were not sufficiently proven.

We have reviewed the parties' remaining contentions and find them either to be without merit or that no further relief is warranted. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.